That an action will lie against an administrator or executor upon a promise to pay in consideration of assets, seems clear from divers cases. Cro. Eliz., 91; Cowp., 284, 289; 1 Ves., 125. It is true that the cases cited from Cowper were cases of legacies sued for; and although they have been much shaken, if not overruled, in the case of Dicks v. Street, 5 Term, 690. The principle of the decision in this last case rested upon a different ground from that now before the Court. Two of three of the judges held that an action would not lie at common law for a legacy, because courts of law had no power to compel a husband, who sued for his wife's legacy, to make a settlement upon her; whereas a court of equity had such (335) power. The reasoning in that case does not apply to debts which an executor or administrator promises to pay in consideration of assets. If they have money in hand, there is no reason why they should not pay. If they have property which they are diligently converting into money, and some accident happen to it not within their control, or, if in the meantime they have notice of debts of higher dignity, they ought to be at liberty to show these things in their defense. 9 Co., 94. *Page 244 
The promise, as was said by Lord Mansfield, 5 Term, 8, only eases the creditor from proving assets, and throws the onus on the other side. Judgment for the plaintiff.
Cited: Williams v. Chaffin, 13 N.C. 335; Oates v. Lilly, 84 N.C. 645;McLean v. McLean, 88 N.C. 396; Banking Co., v. Morehead, 116 N.C. 416;LeRoy v. Jacobosky, 136 N.C. 450.